**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| ***v.*** | : | |
| | : | **Criminal No. 21-0167(APM)** |
| **SINCERE HOWARD,** | : | |
| | : | |
| ***Defendant.*** | : | |

**DEFENDANT HOWARD'S POSITION REGARDING 18 U.S.C. § 4241**

Defendant Sincere Howard, by and through undersigned counsel, hereby submits his position regarding a period of pre-evaluation confinement pursuant to 18 U.S.C. § 4241 to this Honorable Court and states as follows:

**BACKGOUND**

1. Mr. Howard is currently charged via indictment with Conspiracy to Commit Kidnapping in violation of 18 U.S.C. § 371; Kidnapping in violation of 18 U.S.C. § 1201(a)(1); and Cyber Stalking in violation of 18 U.S.C. § 2261A(2).

2. On April 8, 2021, Mr. Howard moved for a psychiatric exam. (Doc. 15). On April 9, 2021, the Court granted the Motion and requested that the result of the initial screening be performed by April 23, 2021. (Doc. 16).

3. On April 15, 2021, Dr. Teresa Grant, who was to perform the evaluation, informed the Court that Mr. Howard "did not want to participate in the evaluation and would only be speaking with his attorney." (Dr. Grant's letter, dated Apr. 15, 2021).

4. As a result, counsel met with Mr. Howard and explained the need for the evaluation and for his cooperation. On April 23, 2021, Mr. Howard filed a supplemental motion for a forensic evaluation. (Doc. 18). On the same date, the Court granted the supplemental

motion for a forensic evaluation and requested that the initial screening be completed by May 1, 2021. (Doc. 19).

5. On May 5, 2021, Dr. Grant met with Mr. Howard.[1] According to Dr. Grant, she was "unable to form an opinion on the defendant's competency at this time. It is unclear if an overall lack of effort, malingering, borderline intellectual functioning or a combination of factors precluding the evaluator from forming a definitive opinion on the defendant's competency at this time." (Dr. Grant's letter dated May 5, 2021).

6. On May 28, 2021, Mr. Howard moved for a psychiatric evaluation to determine competency. (Doc. 21). The Court granted the motion on May 28, 2021, and ordered that Mr. Howard undergo a complete psychological/psychiatric evaluation pursuant to 18 U.S.C. § 4241 at a Bureau of Prisons Facility and that after such examination a report be made as to whether Mr. Howard is presently mentally competent to understand the proceedings against him and to properly assist in the preparation of his defense. The Court also requested that a report be completed by July 28, 2021. (Doc. 22).

7. The Bureau of Prisons committed Mr. Howard to FDC SeaTac in Washington State on July 20, 2021. (Doc. 29). Consistent with the Court's Order, Dr. Cynthia A. Low, a psychologist with the Bureau of Prisons, performed a competency examination of Mr. Howard and reported her findings in September 2021. Dr. Low's findings, in substance, were that "Mr. Howard appeared to demonstrate an inadequate ability to understand the nature and consequences of the court proceedings against him, but demonstrated a sufficient ability to properly assist counsel in his defense." Due to various factors she evaluated, Dr. Low also stated that she was unable to opine about Mr. Howard's "true capacity to understand the nature and consequences of the court proceedings against him."

[1] Dr. Grants evaluation was not disclosed to the parties until May 25, 2021.

8. On May 4, 2022, Mr. Howard submitted to the government and the Court a report authored by the defense expert, Dr. Jonathan DeRight, regarding Mr. Howard's competency to stand trial. The report's conclusion was that Mr. Howard is not competent to stand trial and that it was "unlikely" that he would regain such competency in the foreseeable future.

9. After consulting with Dr. Cynthia Low, the government did not object to Dr. DeRight's opinion that Mr. Howard is presently incompetent to stand trial. However, the government did object to Dr. DeRight's finding that Mr. Howard is not likely to regain competency in the foreseeable future.

10. On June 8, 2022, the parties appeared for a competency hearing. At that time, the Court made the necessary findings pursuant to 18 U.S.C. § 4241 and committed Mr. Howard to the custody of the Attorney General for a period not to exceed four months to determine whether he can regain competency or gain competency to proceed to trial. (Minute Entry dated June 8, 2022). The Order was docketed on June 9, 2022. (Doc. 38).

11. Since that time, the government has filed several updates with the Court concerning Mr. Howard's designation to an appropriate Bureau of Prison's facility. The latest update, dated August 11, 2022, indicated that Mr. Howard is "now number 10, out of 16 individuals, on the waiting list for a 'study bed' at Federal Medical Center Devens." (Doc. 46).

12. On August 4, 2022, the Court directed the parties by August 18, 2022, to provide their respective positions on: a) whether the 120-day clock began to run from the date of the court's commitment order (or some later date); and b) if the clock has not yet started, how long Defendant can remain in pre-hospitalization incarceration before his due process rights are implicated.

## ANALYSIS

13. The Insanity Defense Reform Act of 1984 ("IDRA") set up a three-step process for evaluating the competency of criminal defendants. First, upon a party's motion, and "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," a court may order the defendant committed for not longer than thirty days for evaluation. 18 U.S.C. § 4241(a)-(b); *see id*. § 4247(b). Second, if the court finds by a preponderance of the evidence after the evaluation that the defendant remains mentally incompetent to stand trial, "the court shall commit the defendant to the custody of the Attorney General" for "a reasonable period of time, not to exceed four months" for further examination. *Id*. § 4241(d)(1). Third, after the four-month evaluation period, the court must commit the defendant "for an additional reasonable period of time until his mental condition is so improved that trial may proceed," but only "if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." *Id*. § 4241(d)(2).

14. Here, the first two steps have been taken, and the Court on June 8, 2022, ordered Mr. Howard committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months. The issue has arisen that Mr. Howard has now been "committed" to the custody of the Attorney General for over two months and the government has represented to the Court that Mr. Howard would probably not be transferred to a suitable BOP facility for intake until sometime in November 2022. (Doc. 40). Under that schedule, the initial intake of Mr. Howard would take place over four months from the Court's order committing him to the custody of the Attorney General.

15. Two other district court judges in this jurisdiction who have considered the matter have held that four months is the maximum that a defendant may be confined pursuant

to § 4241(d)(1). "IDRA does not authorize the Court to extend its four-month deadline." *United States v. Carter*, 2022 U.S. Dist. Lexis 30121, *15 (D.D.C. 2022). *See also United States v. Gamarra*, 308 F. Supp. 3d 230, 232 (D.D.C. 2018) ("The statutory text leaves no room for debate; it authorizes evaluation for a period 'not to exceed four months'").

16. As Judge Bates stated in *Gamarra*,

> Congress set this limit mindful of the Supreme Court's admonition in *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972), that "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Nor did Congress set any provision for extending this four-month period, as it did for the initial thirty-day evaluation, which can be extended for up to fifteen more days. *See United States v. Magassouba,* 544 F.3d 387, 405 (2d Cir. 2008). The only manner by which a defendant can be kept in confinement beyond four months is through a court order finding that he has a substantial probability of attaining competency. Gamarra has remained in Butner for more than six months, without an order committing him "for an additional reasonable period of time." 18 U.S.C. § 4241(d)(2).

17. In *Jackson v. Indiana,* 406 U.S. 715, 738 (1972), the Supreme Court held "that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." That nature and duration of commitment concern the period of the evaluation, which Congress has made clear can be no longer than four months. Neither *Jackson* nor § 4241(d)(1) make any reference to the reasonableness or duration of the pre-evaluation period of confinement.

18. Additionally, the statute states that once the Court commits a defendant to the custody of the Attorney General, the Attorney General "*shall* hospitalize the defendant for treatment in a suitable facility …." § 4241(d)(1). *See also Carter*, 2022 US. Dist. Lexis at *16-*17 ("And § 4241(d)(1) does not mention delays in transporting defendants for hospitalization, let alone subject them to a different

timetable."). Thus, in the absence of any statutory language concerning the period of pre-evaluation detention, the Court must be bound by the language of the statute, which limits the hospitalization a reasonable period of time, not to exceed four months.

19. Accordingly, Mr. Howard's position with respect to whether he can be committed for longer than four months is that the clock began to run on June 8, 2022, when the Court committed him to the custody of the Attorney General for a reasonable period of time, not to exceed four months. Thus, Mr. Howard's hospitalization for treatment in a suitable facility should be completed no later than October 8, 2022.

Dated: Washington, DC
August 18, 2022

Respectfully submitted,

**BALAREZO LAW**

/s/

By: ______________________________

A. Eduardo Balarezo
D.C. Bar # 462659
400 Seventh Street, NW
Suite 306
Washington, DC 20004
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Counsel for Defendant Sincere Howard*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of August 2022, I caused a true and correct copy of the foregoing Defendant Howard's Position Regarding 18 U.S.C. § 4241 to be delivered to the Parties via ECF.

/s/
________________________________
A. Eduardo Balarezo