**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 21 - 167 - 02 (APM)** |
| | : | |
| **GARRETT HAWKINS** | : | |
| | : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

**MINOR ROLE ADJUSTMENT:**

Counsel submits that the government, in its sentencing memorandum, fails to properly assess the "minor role" factors. [*See*, Govt Sent Memo at pp. 12-13] The minor role adjustment is intended to apply to defendants who are less culpable than other participants. *See*, U.S.S.G. 3B1.2, Application Note 5. In this case the other participant is the co-defendant, and there is sufficient evidence that Mr. Hawkins was substantially less culpable. The fact that a defendant may have performed acts deemed to be essential or indispensable is not determinative. *See*, U.S.S.G. 3B1.2, Application Note 3(C). Thus, counsel maintains that the application of the minor role adjustment in Mr. Hawkins' case is appropriate, particularly based on the victim's description of his lack of decision-making authority and his apparent subservience to the co-defendant.

As the government notes, the Commentary to U.S.S.G. 3B1.2 provides a list of factors:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

The government, however, fails to properly recognize that the U.S.S.G., Section 3B1.2 application note factors that apply in the defendant's case. Specifically, counsel would note that subsection (iii) and the last part of subsection (iv) support a minor role finding, while subsections (i) and (ii) support it to a lesser extent. In addition, the Commentary clearly recognizes that the list of factors is "non-exhaustive".

According to the victim, the co-defendant was the main protagonist throughout the episode, and Garrett Hawkins played a significantly lesser role. Mr. Hawkins did not appear to exercise decision-making authority, or to significantly influence the decision-making authority throughout the ordeal. While the videos clearly show the defendant participating in the activity, it was evident to the victim that the defendant was more of a "follower" than an influencer; that the co-defendant exercised virtually all of the decision-making authority; and that the co-defendant came up with virtually all of the ideas for mistreating him. The victim indicated that it was his impression that Mr. Hawkins seemed to be taking directions from the co-defendant. In addition, it was clear to him that the co-defendant was much more intent on physically hurting him. In fact, he was aware that at times Mr. Hawkins tried to help him or lessen the discomfort, but was prevented by the co-defendant.

The fact that the conduct which Mr. Hawkins has acknowledged was very disturbing does not change the fact that Mr. Hawkins lacked decision-making authority and discretion regarding the conduct or that the co-defendant was the primary instigator. Thus, subsections (iii) and (iv) support a minor role adjustment. Furthermore, the fact that Mr. Hawkins appeared to be more subservient and a "follower" suggests that he likely did not appreciate the full scope, nature, or expected duration of the conduct until it occurred. Thus, counsel submits that to a lesser extent subsections (i) and (ii) also tend to support the minor role enhancement for Mr. Hawkins.

Wherefore, counsel submits that the evidence is sufficient to support a finding that Mr. Hawkins is entitled to a minor role adjustment as the application of the factors demonstrates that he was substantially less culpable than the co-defendant. Even if the Court finds that a minor role adjustment does not apply, counsel nevertheless maintains that the defendant's lesser culpability, combined with all the other sentencing factors in the case, still supports a significant downward variance from the applicable guideline range.

Respectfully submitted,

/s/ *Howard B. Katzoff*
Howard B. Katzoff
717 D Street, N.W., Suite 310
Washington, D.C. 20004
katzoffh@aol.com
(202) 783-6414
Counsel for Garrett Hawkins

**CERTIFICATE OF SERVICE**

I hereby certify that this 18th day of December, 2023, a copy of Defendant's Response to the Government's Sentencing Memorandum was filed and via the Electronic Court Filing System (ECF), causing a copy to be served on government counsel, and by electronic mail to Senior United States Probation Officer Kelli Willett, 333 Constitution Avenue, N.W. Washington, D.C. 20001.

/s/ *Howard B. Katzoff*
Howard B. Katzoff