**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 21-CR-167 (APM)-2** |
| | : | |
| **v.** | : | |
| | : | |
| **GARRETT HAWKINS** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its reply to the Defendant's Memorandum in Aid of Sentencing (ECF No. 77).[1] For the reasons addressed below, the government submits that its recommendation of 151 months' incarceration, the very bottom of the defendant's range under the U.S. Sentencing Guidelines, when properly calculated, is the only sentence that best effectuates the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

## I. DEFENDANT HAS NOT MET HIS BURDEN TO TRIGGER THE APPLICATION OF THE MINOR ROLE ADJUSTMENT

The defendant has not met his burden of establishing he is entitled to a minor role adjustment under U.S.S.G. 3B1.2 by merely suggesting, often times in conclusory fashion, that he was less culpable than his co-defendant based on the subjective impressions of the victim. Case law across the circuits is relatively consistent that merely because a defendant may be less culpable than his or her co-defendants, does not necessarily entitle him to the reduction afforded by § 3B1.2. *United States v. Carpenter*, 487 F.3d 623, 626 (8th Cir. 2007). Indeed, "[a] less culpable defendant

[1] The government would ask for leave of the Court to late file its reply to Defendant's Sentencing Memorandum. Government counsel mistook the dates on which its reply was due and believed that the filing deadline for replies was December 19, 2023, not December 18, 2023. The government has conferred with counsel for the defendant who does not oppose the government's reply being filed on December 19, 2023.

is not entitled to a reduction if he was 'deeply involved' in the offense…" *United States v. Denton*, 434 F.3d 1104, 1115 (8th Cir. 2006). Beyond the non-exhaustive list of criteria to be weighed by the sentencing Court listed in § 3B1.2, courts have considered "the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Long Fei Lin*, 104 F. App'x 241, 246 (3d Cir. 2004)[2]

Here, the evidence put forward in the defendant's submissions, even if accepted at face value, is insufficient to trigger the application of this adjustment. The fact remains that the defendant was present for virtually all significant aspects of the kidnapping, including from its very inception, and took turns with his co-defendant, Sincere Howard, in assaulting, restraining, and degrading R.H. All available evidence demonstrates that the defendant was "deeply involved" in all aspects of the offenses with which he and co-defendant Howard have been charged. The defendant leans heavily on the fact that the complainant suggested that from his perspective, co-defendant Howard was more culpable and that the defendant was more of a "follower." Nevertheless, simply because the defendant subjectively appeared in the eyes of the traumatized victim to be more of a follower and lacked decision-making authority for the conspiracy is not enough to merit the multi-level reduction for which he is asking. Again, simply being "less culpable" and "appearing" to lack decision-making power over the conspiracy are not enough to warrant the relief the defendant is seeking under the caselaw. Indeed, looking at the matter through the framework articulated by the Third Circuit referenced above, the defendant and co-defendant

---

[2] With respect to that last point, the government would note that at least some Circuits have held that lack of knowledge or understanding of the nature and scope of the criminal conduct at issue is *essential* to triggering 3B1.2. *See United States* v. LaValley, 999 F.2d 663, 665 (2d Cir.1993). See also United States v. Whiting, 522 F.3d 845, 851 (8th Cir.2008) ("[H]e cannot be considered a minimal participant since he had knowledge of the scope and structure of the conspiracy and observed the activities of others in the conspiracy.") (internal quotes omitted).

Howard had known each other for a period of time and worked in concert that evening to accomplish the goals of their conspiracy. The defendant's actions were integral to their conspiracy – his mere presence left R.H. outnumbered, but beyond that, he actively participated in the repeated beatings and confinement, before broadcasting R.H.'s kidnapping, where he can be seen "arm-in-arm" working with co-defendant Howard. As even the defendant has conceded, he was aware of the nature and scope of the criminal conduct at issue, but nevertheless went along with it. That the defendant may have taken certain very minor steps, e.g., closing the window while helping dump the complainant in a tub of cold water, in no way negates the evidence of the defendant's substantial participation in all other aspects of the offense.

## II. DEFENDANT'S REQUEST FOR A DOWNWARD VARIANCE

The sentence the defendant proposes for himself – 84 months' incarceration – represents nearly a 45% reduction off of the bottom of the defendant's correctly calculated U.S.S.G. range, 151 months. Even under his own (flawed) calculation of the U.S.S.G. range in which the defendant would receive a three-level reduction under 3B1.2, the proposed sentence would *still* be below the bottom of Guidelines range (108 months). Such a sentence is recommended in a case such as this one, in which the defendant, mere weeks after completing a sentence in a Delaware penitentiary for violating the terms of his release for a different felony, committed a particularly heinous and cruel kidnapping. To go along with this recommendation would cause the Court to stray far from not only the Guidelines but also the practice of U.S. District Courts throughout the country, which have, on average, generally sentenced individuals convicted of 18 U.S.C. §1201(a) to terms of incarceration far closer to what the government has proposed (per the below).




And indeed, there are numerous factors about this case in particular, whether it be brutality and violence that was part and parcel of the kidnapping of R.H., the use of a firearm, the length of inhumane confinement, or the decision to livestream these heinous crimes, which weigh in favor of a lengthier term of incarceration than imposed on average. Furthermore, as the government noted in its prior filing, even before sentencing will have begun in this case, the defendant already received a significant break when the criminal history section of the Guidelines was amended to eliminate so-called "status points" to individual's criminal history if they committed the instant offense while serving a criminal justice sentence. This change, alone, has reduced his sentencing range from 168-210 months to 151-188 months, and with the government's allocution already capped out at the bottom of the Guidelines range, the most the government can now argue for is 151 months. All of this has happened in a case which, more than most, would suggest the imposition of such "status points" given the fact that the defendant went on to commit this offense just weeks after being released from custody and entering into the final year of his supervised release. In sum, whatever mitigating factors the Court may find in this case are already incorporated into the recommended 151-month sentence.

WHEREFORE, the government continues to respectfully request that the Court impose a sentence of 151 months' incarceration, to be followed by a term of 60 months' supervised release.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY

By: *<u>/s/ Will Hart & Emory V. Cole</u>*
Will Hart
Emory V. Cole
D.C. Bar No. 1029325 (Hart)
PA. No. 49136 (Cole)
Assistant United States Attorneys
United States Attorney's Office for D.C.
601 D Street, N.W.,
Washington, D.C. 20530
E-mail: Emory.Cole@usdoj.gov
William.Hart@usdoj.gov
Telephone: (202)-730-5711 (Hart)
(202) 252-7692 (Cole)